UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TABITHA S. MCNEILL,<br>　*Plaintiff*,<br><br>　v.<br><br>DEPARTMENT OF CHILDREN AND<br>FAMILIES,<br>　*Defendant*. | No. 3:23-cv-1312 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Tabitha S. McNeill has filed a *pro se* complaint against the Connecticut Department of Children and Families ("DCF"). But because her complaint does not appear to allege facts that give rise to a claim for which the Court may grant relief, the Court shall require by **November 9, 2023** that McNeill either file an amended complaint that overcomes the concerns set forth in this ruling or file a response explaining why the complaint should not be dismissed.

**BACKGROUND**

The complaint alleges the following facts. On October 30, 2020, DCF removed McNeill's infant child from her care.[1] Since then, McNeill has been "fighting" to regain custody of her child and done "everything that [DCF] wanted [her] to do."[2] But on July 28, 2023, "a DCF supervisor made a false report to [the] DCF hotline" alleging that McNeill's three-month-old niece, who was in her care, appeared neglected.[3] McNeill claims that DCF "us[ed] [her] mental health again[st] [her]" in refusing to find her "capable" to take care of her child.[4] McNeill filed the instant suit against DCF for "pain and suffering."[5]

---

[1] Doc. #1 at 3.
[2] *Id.* at 3–4.
[3] *Id.* at 4.
[4] *Ibid.*
[5] *Ibid.*

1

**DISCUSSION**

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that McNeill may promptly respond or file an amended complaint that addresses these concerns.

The Court is concerned that the plaintiff seeks an order of relief against DCF. The Eleventh Amendment to the U.S. Constitution and related principles of state sovereign immunity generally divest the federal courts of authority over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, 137 S. Ct. 1285, 1290–91 (2017); *T.W. v. N.Y. State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). For this reason, federal courts routinely dismiss lawsuits lodged against DCF. *See, e.g.*, *Bhatia v. Conn. Dep't of Child. & Fams. (DCF)*, 317 F. App'x 51, 52 (2d Cir. 2009) (summary order); *Bennings v. Kearney*, 2 F. App'x 218, 219–20 (2d Cir. 2001) (summary order); *Pileggi v. Mathias*, 2023 WL 5435915, at *2 (D. Conn. 2023); *Skipp v. Murphy*, 2018 WL 8803709, at *2 n.1 (D. Conn. 2018); *Inkel v. Conn. Dep't of Child. & Fams.*, 421 F. Supp. 2d 513, 520 (D. Conn. 2006).

## CONCLUSION

In short, it appears that the complaint is subject to dismissal under § 1915(e)(2)(B) because it fails to state a claim on which the Court could grant relief. But if McNeill has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **November 9, 2023**.

It is so ordered.

Dated at New Haven this 25th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge